UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE FARMWORKER ASSOCIATION
OF FLORIDA INC., *et al.*,

    *Plaintiffs*,

v.                                              Case No. 1:23-cv-22655-RKA

RONALD D. DESANTIS, in his official capacity
as Governor of the State of Florida, *et al.*,

    *Defendants*.

## STATE DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendants the Governor, Attorney General, and Statewide Prosecutor (the "State Defendants") ask the Court to stay their deadline to respond to the pending Motion for Preliminary Injunction, Doc. 30, until seven days after the Court rules on the Motion for Leave to Proceed Anonymously and to File Supporting Exhibits Under Seal, Doc. 29. The State Defendants also request that the Court expedite Plaintiffs' response to this motion so that the Court can provide meaningful relief with respect to this motion.[1] As grounds, the State Defendants state as follows:

1. On July 17, 2023, Plaintiffs filed their complaint, in which nine of the ten plaintiffs failed to identify themselves. Doc. 1. Plaintiffs have filed a Second Motion for Leave to Proceed Anonymously and to File Supporting Exhibits Under Seal. Doc. 29. The State Defendants filed a prompt response in opposition even before receiving valid service.[2] Doc. 38. Under Local Rule 7.1(c), Plaintiffs are entitled to file a reply within 7 days.

---

[1] The State Defendants do not intend on filing a reply in support of this motion.

[2] As far as the State Defendants are aware, they have not been served with the motion and have no current due date. Because counsel for the State Defendants have not appeared, Plaintiffs must

2. Also pending before the Court is Plaintiffs' Second Motion for Preliminary Injunction, Doc. 30. In the State Defendants' view, it is highly unlikely that the Court will grant the Motion to Proceed Anonymously as to all nine Plaintiffs. As a result, the Court is likely to dismiss the complaint and require Plaintiffs to replead, *see Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992), which will moot the Motion for Preliminary Injunction, *see, e.g.*, *Raja v. Englewood Cmty. Hosp., Inc.*, No. 8:12-cv-2083, 2013 WL 12157136 (M.D. Fla. Apr. 9, 2013) (denying a motion for preliminary injunction as moot after striking a complaint for failure to comply with Rule 8(a)).

3. In other words, should the Court find that even one of the nine individual Plaintiffs may not proceed anonymously or file declarations under seal, Plaintiffs will have to file a new complaint, a new motion for preliminary injunction, and new declarations.

4. While the State Defendants stand ready to prepare a robust response to the Motion for Preliminary Injunction—and have already put significant work into preparing one—it is difficult for the State Defendants to prepare party-specific arguments on issues like standing and irreparable harm without knowing how the Court will resolve these pending issues. Moreover, for the same reasons, the State Defendants cannot determine at this time whether to seek discovery before a hearing on the Motion for Preliminary Injunction. As such, the State Defendants respectfully submit that it would be a better use of the parties' and this Court's resources to stay the briefing pending resolution of the anonymity issues.

5. Plaintiffs will not be prejudiced by the requested relief. The Governor signed the challenged statute on May 10, 2023. Doc. 1 at 17. The law went into effect on July 1, 2023. § 787.07, Fla. Stat. Plaintiffs did not effect service of process on all Defendants until August 22,

---

effect service under Rule 5(b)(2). Rule 5(b)(2) does not allow for email service absent consent, and the State Defendants have not yet, to their knowledge, received service by mail.

2023, more than five weeks after filing suit. Doc. 28. On top of that, Plaintiffs have delayed this litigation further by pursuing anonymous treatment despite the high standard for doing so and the lack of supporting evidence. *See* Doc. 38. In light of Plaintiffs' lack of diligence thus far, there is no reason to conclude that a limited delay will prejudice them.

## MEMORANDUM OF LAW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising that discretion, courts often stay deadlines on matters that are likely to become moot. *See, e.g.*, *Brown v. Int'l Brotherhood of Teamsters*, No. 6:21-cv-225, 2021 WL 2517856, at *3 (M.D. Fla. Apr. 14, 2021). Here, for the reasons articulated in the State Defendants' Response to the Motion to Proceed Anonymously, Doc. 38, the pending Motion for Preliminary Injunction is likely to become moot because at least one Plaintiff will be denied anonymous treatment.

## CONCLUSION

For the foregoing reasons, the Court should stay briefing on the Motion for Preliminary Injunction and make Defendants' response due seven days after the Court rules on the Motion to Proceed Anonymously.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Natalie P. Christmas*
Natalie P. Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Joseph E. Hart (FBN 124720)
COUNSELOR TO THE ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
joseph.hart@myfloridalegal.com

*Counsel for the Attorney General and Statewide Prosecutor*

Case 1:23-cv-22655-RKA   Document 39   Entered on FLSD Docket 08/29/2023   Page 5 of 7

**RON DESANTIS**
  *Governor*

/s/ *Nicholas J.P. Meros*
RYAN D. NEWMAN (Fla. Bar #1031451)
*General Counsel*
NICHOLAS J.P. MEROS (Fla. Bar #120270)
*Deputy General Counsel*
SAMUEL F. ELLIOTT (Fla. Bar #1039898)
*Assistant General Counsel*

EXECUTIVE OFFICE OF THE GOVERNOR
The Capitol, PL-5
400 S. Monroe Street
Tallahassee, FL 32399
Phone: (850) 717-9310
Facsimile: (850) 488-9810
Ryan.Newman@eog.myflorida.com
Nicholas.meros@eog.myflorida.com
Samuel.elliott@eog.myflorida.com

*Counsel for Governor Ron DeSantis*

5

## CERTIFICATE OF GOOD FAITH CONFERENCE

State Defendants conferred with all parties prior to filing this motion. The State Attorneys consent to the relief sought. Plaintiffs oppose the motion.

/s/ *Natalie P. Christmas*
Natalie P. Christmas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties except the State Attorneys, on this 29th day of August, 2023. I further certify to serving the foregoing via email on Buddy Jacobs, counsel for the State Attorneys, who has consented in writing to email service.

*/s/ Natalie P. Christmas*
Natalie P. Christmas
