**UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

THE FARMWORKER
ASSOCIATION OF FLORIDA, INC.,
*et al*,

   *Plaintiffs,*

v.	Case No. 1:23-cv-22655-RKA

RON DESANTIS, *in his official capacity as Governor of the State of Florida, et al.*,

   *Defendants.*

_____/

**GOVERNOR DESANTIS' MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

Defendant Ron DeSantis, in his official capacity as Governor of the State of Florida, pursuant to Federal Rule of Civil Procedure 12(b)(1), moves to dismiss the Governor as an improper party based on his sovereign immunity and Plaintiffs' lack of standing. In support, the Governor states:

**BACKGROUND**

On May 10, 2023, Governor DeSantis signed SB 1718 into law. Section 10 of SB 1718 amends section 787.07, Florida Statutes, to provide that "a person who knowingly and willfully transports into this state an individual whom the person knows, or reasonably should know, has entered the United States in violation of law and has not been inspected by the Federal Government since his or her unlawful entry from another country commits a felony of the third degree." § 787.07(1), Fla. Stat.

The changes to section 787.07 took effect on July 1, 2023. Plaintiffs – eight individuals seeking to proceed anonymously and one immigration advocacy

organization – challenge section 787.07, as amended, on two grounds. First, they argue that the Immigration and Nationality Act (INA) preempts section 787.07. DE 1 ¶¶ 127–39. Second, they argue that section 787.07 violates the Due Process Clause of the Fourteenth Amendment because it is unconstitutionally vague. DE 1 ¶¶ 140–50. Plaintiffs also seek a preliminary injunction. The Governor files this motion concurrently with the Attorney General's response to Plaintiffs' Motion for Preliminary Injunction (DE 50), which he joins.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "factual content" that will support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleading facts that are "merely consistent with a defendant's liability" is not enough because such pleadings "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" either. *Id.* And while courts must "assume the veracity of well-pleaded factual allegations," they must not credit allegations in the form of "labels and conclusions." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (cleaned up).

## ARGUMENT

This Court should dismiss the Complaint. Eleventh Amendment sovereign immunity bars Plaintiffs' claims against the Governor. Further, Plaintiffs lack standing because they demonstrate neither that the Governor caused their alleged harm, nor that their requested relief would redress their injuries.

**I. Sovereign Immunity Bars the Complaint Against the Governor.**

"The Eleventh Amendment protects states from being subject to suit in federal court." *Freyre v. Chronister,* 910 F.3d 1371, 1380 (11th Cir. 2018). The Supreme Court in

*Ex parte Young*, 209 U.S. 123, 167-68 (1908), however, created an exception for suits against state officials in their official capacities "seeking prospective equitable relief to end continuing violations of federal law." *Reprod. Health Servs. v. Strange*, 3 F.4th 1240, 1255 (11th Cir. 2021), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022) (cleaned up).

But there is an exception to the exception. Plaintiffs may not challenge a state law simply by "choosing whichever state official appears most convenient and haling them into federal court under the aegis of 42 U.S.C. § 1983." *Support Working Animals, Inc. v. DeSantis*, 457 F. Supp. 3d 1193, 1208 (N.D. Fla. 2020). Rather, litigants must bring their case "against the state official or agency responsible for enforcing the allegedly unconstitutional scheme." *Osterback v. Scott*, 782 Fed. App'x. 856, 858-59 (11th Cir. 2019). That is because "[a] state official is subject to suit in his official capacity [only] when his office imbues him with the responsibility to enforce the law or laws at issue in the suit." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). "Where the named defendant lacks any responsibility to enforce the statute at issue, 'the state is, in fact, the real party in interest,' and the suit remains prohibited by the Eleventh Amendment." *Osterback*, 782 Fed. App'x. at 859 (quoting *Summit Med. Assocs. P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999)).

Indeed, "federal courts have refused to apply *Ex parte Young* where the officer who is charged has no authority to enforce the challenged statute." *Summit Med. Assocs.*, 180 F.3d at 1342 (collecting cases); *see also, e.g.*, *Namphy v. DeSantis*, 493 F. Supp. 3d 1130, 1137 (N.D. Fla. 2020) (dismissing Governor as improper defendant under *Ex parte Young* because his office "did not connect[ ] him with the duty of enforc[ing]" the challenged statute) (alterations in original); *Support Working Animals, Inc.*, 457 F. Supp. 3d at 1209 (same); *Fla. Democratic Party v. Scott*, 215 F. Supp. 3d 1250, 1255 (N.D. Fla. 2016) (same). Thus, to avoid an Eleventh Amendment bar to suit, Plaintiffs must plausibly allege that the Governor possesses the specific power to enforce the Act.

But the Governor does not enforce section 787.07. Nor do the Plaintiffs allege otherwise. Indeed, section 787.07 is a criminal statute enforced by the Statewide Prosecutor and State Attorneys. *See* § 16.56, Fla. Stat. (providing that the Office of Statewide Prosecution may "[i]nvestigate and prosecute the offenses of . . . [a]ny violation of chapter 787, as well as any and all offenses related to a violation of chapter 787"); § 27.02(1), Fla. Stat. ("The state attorney shall appear in the circuit and county courts within his or her judicial circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal, in which the state is a party . . . .").

Nonetheless, Plaintiffs argue that the Governor is a proper defendant for two reasons. First, they allege that the "Governor is vested with the 'supreme executive power' in Florida and is constitutionally required to 'take care that the laws be faithfully executed.'" Compl. ¶ 60 (quoting Art. IV, § 1(a), Fla. Const.). Second, they argue that the Governor enforces section 787.07 because he is "empowered to 'initiate judicial proceedings' against, or 'suspend from office' state and local officers for failure to comply with state law, including SB 1718." Compl. ¶ 60 (quoting Art. IV, §§ 1(b), 7(b), Fla. Const.). While Plaintiffs accurately recite Florida law, they misstate its implications here – neither authority makes the Governor a proper defendant.

It is well established that "[w]here the enforcement of a statute is the responsibility of parties other than the governor . . . the governor's general executive power is insufficient to confer jurisdiction." *Women's Emergency Network v. Bush*, 323 F.3d 937, 949-50 (11th Cir. 2003); *see also Osterback,* 782 F. App'x at 859 ("[T]he Governor's constitutional and statutory authority to enforce the law and oversee the executive branch do not make him a proper defendant under *Ex parte Young*."); *Support Working Animals, Inc.*, 457 F. Supp. 3d at 1209 (same); *Harris v. Bush*, 106 F. Supp. 2d 1272, 1276-77 (N.D. Fla. 2000) (same) (collecting cases). Otherwise, "any state statute could be challenged simply by naming the governor as a defendant." *Women's Emergency Network*, 323 F.3d at 949.

Nor does it matter that the Florida Constitution permits the Governor to sue or suspend local officials that do not follow state law. *See* Art. IV, § 7, Fla. Const. Indeed, the Eleventh Circuit in *Lewis v. Governor of Alabama* and *Jacobson v. Fla. Secretary of State* rejected Plaintiffs' argument that state officials "enforce" a law simply because they can sue local officials for disregarding it. *Lewis*, 944 F.3d 1287, 1301 (11th Cir. 2019) (holding plaintiffs' reliance on the code provision authorizing the Attorney General "to institute and prosecute, in the name of the state, all civil actions and other proceedings necessary to protect the rights and interests of the state . . . proves entirely too much – and thus nothing at all"); *Jacobson*, 974 F.3d at 1253 (noting "[t]hat the Secretary must resort to judicial process if the Supervisors fail to perform their duties underscores her lack of authority over them"). Likewise, in *City of South Miami v. Governor of Florida*, the Eleventh Circuit held that the Governor's power to suspend local officials for disobeying Florida law did not mean that he enforced a law requiring local officials to cooperate with federal immigration officials. 65 F.4th at 642-43. Any other result would "prove[] entirely too much" because it would make the Governor, through his suspension power, "a proper party defendant under innumerable provisions of the [Florida] code." *Id.* at 643 (quoting *Lewis*, 944 F.3d at 1300).

## II. Plaintiffs Do Not Have Article III Standing Against Governor DeSantis Because Their Alleged Injuries Are Neither Traceable to, Nor Redressable By, the Governor.

Article III of the Constitution limits the subject-matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "To have a case or controversy, a litigant must establish that he has standing, which requires proof of three elements." *Jacobson*, 974 F.3d at 1245 (cleaned up). To show Article III standing, Plaintiffs must establish "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Id.*

"[T]raceability and redressability[ ]often travel together." *Support Working Animals v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021). Indeed, courts often treat these

5

intertwined standing elements as "two sides of [the] causation coin." *Dynalantic Corp. v. Dep't of Defense*, 115 F.3d 1012, 1017 (D.C. Cir. 1997). To show traceability and redressability in a lawsuit seeking to enjoin a government official from implementing a law, a plaintiff must show "that the official has the authority to enforce the particular provision [being] challenged, such that [the] injunction prohibiting enforcement would be effectual." *Dream Defs. v. Governor of Fla.*, 57 F.4th 879, 889 (11th Cir. 2023) (alterations in original) (quoting *Support Working Animals*, 8 F.4th at 1201).

Plaintiffs ask this Court to "[p]reliminarily and permanently enjoin Defendants from enforcing Section [787.07] in its entirety." Compl. 31. But the Governor does not enforce section 787.07. The Statewide Prosecutor and State Attorneys do. *See* § 16.56, Fla. Stat.; § 27.02(1), Fla. Stat. As a result, this case is like others in which plaintiffs sued state officials for laws the officials did not enforce. In *City of South Miami*, for instance, plaintiffs sued the Governor for a law that, independent of the Governor's action, required local officials to cooperate with federal immigration authorities. 65 F.4th at 640–44. Similarly, in *Jacobson*, plaintiffs sued the Florida Secretary of State for an election law administered by local election supervisors. 974 F.3d at 1253. And in *Lewis,* plaintiffs sued Alabama's Attorney General for a law preempting local minimum wage laws that had no state enforcement scheme. 944 F.3d at 1301; *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (suing state actors that did not enforce state abortion law, which was instead enforced by private actors).

In all relevant respects, this case is no different. There is no causal chain linking the Governor to Plaintiffs' alleged injuries flowing from section 787.07 because he does not enforce the law. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019); *see also Lewis*, 944 F.3d at 1299 ("The fact that the Act itself doesn't contemplate enforcement by the Attorney General counts heavily against plaintiffs' traceability argument."). Further, neither the Governor's general executive power, nor his power to sue or suspend local officials, "connect[ ] him with the duty of enforc[ing]" the Act.

*Namphy*, 493 F. Supp. 3d at 1137 (alterations in original); *see Women's Emergency Network*, 323 F.3d at 949; *Lewis*, 944 F.3d at 1301; *Jacobson*, 974 F.3d at 1253; *City of South Miami*, 65 F.4th at 642-43. And if neither satisfy *Ex parte Young*'s more relaxed "some connection" standard, *see Equal. Fla. v. Bd. of Educ.*, No. 4:22-cv-134, 2022 WL 19263602, at *8 & n.8, *supra*, they certainly do not meet Article III's more stringent traceability requirement, *see Falls v. DeSantis*, No. 4:22-cv-166, 2022 WL 19333278, at *1 (N.D. Fla. July 8, 2022) (dismissing Governor from challenge to law he did not enforce for lack of standing while noting that "the *Ex parte Young* analysis is, if anything, more lenient than Article III's traceability requirement").

And just like those cases, because the Governor does not enforce section 787.07, Plaintiffs' requested injunction(s) against him would not "be effectual." *Support Working Animals*, 8 F.4th at 1201. Put differently, Plaintiffs cannot show redressability as to the Governor because he cannot implement the relief they seek – refusing to enforce section 787.07. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 (1992) (holding plaintiffs lacked redressability against Defendant Secretary of the Interior because the Secretary could not implement requested remedy); *see also Denton v. Bd. of Governors*, No. 4:22-cv-341, DE 65, at *4 (N.D. Fla. Nov. 22, 2022) (concluding plaintiffs did not have standing against the Governor, despite his power to appoint members of the Board of Governors, because "he has no direct authority to take remedial action of the kind the plaintiffs seek"); *Israel v. DeSantis*, No. 4:19-cv-576, 2020 WL 2129450, at *4 (N.D. Fla. May 5, 2020) (dismissing the Governor because "there is no remedy this Court could order as to Defendant DeSantis").

For these reasons, Plaintiffs' alleged injuries are neither traceable to, nor redressable by, the Governor. *See City of S. Miami*, 65 F.4th at 643 (concluding plaintiffs did not establish traceability or redressability because Governor did not have sufficient connection to enforcement of the challenged statute); *Jacobson*, 974 F.3d at 1253; *Lewis*,

944 F.3d at 1301; *see also Support Working Animals*, 8 F.4th at 1205. Thus, Plaintiffs lack standing as to the Governor, and he should be dismissed.

## CONCLUSION

For the foregoing reasons, the claims against the Governor should be dismissed.

Respectfully submitted September 15, 2023,

        **RON DESANTIS**
        *Governor*

        /s/ *Nicholas J.P. Meros*
        RYAN D. NEWMAN (Fla. Bar #1031451)
        *General Counsel*
        NICHOLAS J.P. MEROS (Fla. Bar #120270)
        *Deputy General Counsel*
        SAMUEL F. ELLIOTT (Fla. Bar #1039898)
        *Assistant General Counsel*

        **EXECUTIVE OFFICE OF THE GOVERNOR**
        The Capitol, PL-5
        400 S. Monroe Street
        Tallahassee, FL 32399
        Phone: (850) 717-9310
        Ryan.Newman@eog.myflorida.com
        Nicholas.Meros@eog.myflorida.com
        Samuel.Elliott@eog.myflorida.com

        *Counsel for Governor Ron DeSantis*

## REQUEST FOR HEARING

Pursuant to S.D. Fla. Local Rule 7.1(B)(2), the Governor requests oral argument on this Motion. The Governor estimates argument will take thirty (30) minutes per side.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF filing portal, which provides notice to all parties, on September 15, 2023.

/s/ *Nicholas J.P. Meros*
Deputy General Counsel