UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22655-ALTMAN/Reid

**THE FARMWORKER ASSOCIATION
OF FLORIDA, INC.,** *et al.*,

    *Plaintiffs*,

v.

**ASHLEY MOODY,** *in her official capacity
as the Attorney General of the State of Florida*, *et al.*,

    *Defendants*.
_____/

## SUPPLEMENTAL ORDER ON SCOPE OF PRELIMINARY INJUNCTION

On May 22, 2024, we entered our Order Granting the Plaintiffs' Motion for Preliminary Injunction [ECF No. 99]. In that Order, we preliminarily enjoined FLA. STAT. § 787.07 and held that the "Defendants must take no steps to enforce FLA STAT. § 787.07 until otherwise ordered." *Id.* at 40. We now issue this Supplemental Order to clarify the scope of that preliminary injunction.

In their Response in Opposition to the Plaintiffs' Motion for Preliminary Injunction (the "Response") [ECF No. 50], the Defendants asked us to deny the Plaintiffs' Motion for Preliminary Injunction. But they also argued, in the alternative, that, "[i]f this Court [does] grant[ ] a preliminary injunction, it should limit relief to the Plaintiffs who demonstrate standing." *Id.* at 20. In their words, equitable relief "has traditionally been 'limited in scope to the extent necessary to protect the interests of the parties,'" *ibid.* (quoting *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003)), and "reviewing courts should be skeptical of universal injunctions premised on the need to protect nonparties," *ibid.* (cleaned up and citing *Georgia v. President of the United States*, 46 F.4th 1283, 1306 (11th Cir. 2022)). The Plaintiffs countered that "[c]ourts regularly grant statewide injunctions upon finding

a state law facially invalid." Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Preliminary Injunction (the "Reply") [ECF No. 67] at 11.

For three reasons, we think a statewide injunction is appropriate in our case.

*First*, *Georgia v. President of the United States* dealt with a nationwide injunction, not a statewide injunction, and is thus inapposite here. *See Georgia*, 46 F.4th at 1306 ("Reviewing courts should also be skeptical of *nationwide* injunctions premised on the need to protect nonparties." (emphasis added)); *see also Garcia v. Stillman*, 2023 WL 3478450, at *2 (S.D. Fla. May 16, 2023) (Bloom, J.) (rejecting the same argument the Defendants advance here because the "majority of cases cited by [d]efendants . . . criticize *nationwide* injunctions that enjoin enforcement of federal law, whereas this case involves a statewide injunction prohibiting enforcement of a Florida law" (emphasis in original)).

*Second*, courts routinely grant statewide injunctions where (as here) plaintiffs have shown a strong likelihood of success on the merits of their claim that a state law is preempted. *See, e.g.*, *Ga. Latino All. for Hum. Rts. v. Governor of Ga.*, 691 F.3d 1250, 1267 (11th Cir. 2012) (affirming district court's order granting statewide preliminary injunction over enforcement of Section 7 of HB 87);[1] *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (affirming district court's grant of statewide preliminary injunction where the relevant statute was preempted by federal law).

*Third*, we agree with the Plaintiffs that a preliminary injunction limited only to the Plaintiffs in our case would engender needless "follow-on litigation in this court," Dec. 13, 2023, Hr'g Tr. at 84:24, because "everybody subject to this law [would be] able to file" a near-identical "follow-on suit[ ] in this case," *id.* at 85:7–8; *see also, e.g.*, *Koe v. Noggle*, 2023 WL 5339281, at *29–30 (N.D. Ga. Aug. 20,

---

[1] *See also Ga. Latino All. for Hum. Rts. v. Deal*, 793 F. Supp. 2d 1317, 1340 (N.D. Ga. June 27, 2011) ("State and local law enforcement officers and officials have no authorization to arrest, detain or prosecute *anyone* based upon Section[ ] 7 . . . of HB 87 while this injunction remains in effect." (emphasis added)), *aff'd in part, rev'd in part on other grounds, and remanded sub nom. Ga. Latino*, 691 F.3d 1250.

2023) (refusing to grant an injunction only as to the plaintiffs because, "if a plaintiffs-only injunction issued, follow-on suits by similarly situated non-plaintiffs based on this [c]ourt's order could create needless and 'repetitious' litigation," and because "affording [p]laintiffs complete relief without a facial injunction would be, at best, very burdensome for [p]laintiffs and the [c]ourt [and,] [a]t worst, . . . practically unworkable"). After all, "[i]n crafting an injunction, a district court may appropriately consider the feasibility of equitable relief and is empowered to weigh the costs and benefits of injunctive relief and, in particular, to assess the practical difficulties of enforcement of an injunction— difficulties that will fall in the first instance on the district court itself." *Id.* at *29 (cleaned up); *see also Trump v. Int'l Refugee Assist. Project*, 582 U.S. 571, 579 (2017) ("Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents.").

For these three reasons, therefore, we decline the Defendants' request to limit our preliminary injunction only to those Plaintiffs who have established their standing.

**DONE AND ORDERED** in the Southern District of Florida on May 22, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record