**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE FARMWORKER ASSOCIATION OF
FLORIDA INC., *et al.*,

      Plaintiffs,

v.

RONALD D. DESANTIS, in his official capacity as
Governor of the State of Florida, *et al.*,

      Defendants.

Case No. 23-CV-22655-RKA

## PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

*FDA v. Alliance for Hippocratic Medicine*, 2024 WL 2964140 (June 13, 2024), did not abrogate organizational standing, either explicitly or implicitly. *See Kondrat'yev v. Pensacola*, 949 F.3d 1319, 1328 (11th Cir. 2020) (cleaned up) (abrogation only where Supreme Court decision is "clearly on point and clearly inconsistent with preexisting Eleventh Circuit precedent"). Rather, *Alliance* reaffirmed *Havens*, rejecting only a singularly weak standing claim, by organizations who opposed certain FDA actions and claimed standing "based on their incurring costs *to oppose* FDA's actions." *Id*. at *13 (organization studied actions and "engag[ed] in public advocacy and public education" against them). The Court held that such "issue-advocacy" organizations "cannot manufacture" standing "simply by expending money to gather information and advocate against the defendant's action." *Id.*

FWAF's injuries are nothing like that. FWAF exists to serve its members, and Section 10 makes that harder, by subjecting its staff and members to arrest and prosecution. Section 10 has thus "directly affected and interfered with [FWAF's] core business activities," *id.*, by diverting

1

resources from its member services and requiring new efforts to "assist affected individuals," PI

Order 16.  *Alliance* reaffirmed organizational standing in that situation.  And regardless, it has no

impact on FWAF's associational standing.

Dated: June 17, 2024                                Respectfully submitted,

                                                    /s/ Anne Janet Hernandez Anderson
                                                    *On behalf of Attorneys for Plaintiffs*

Evelyn Wiese (CA Bar No. 338419)*
AMERICANS FOR IMMIGRANT JUSTICE
6355 NW 36 Street, Suite 2201
Miami, FL 33166
(305) 573-1106
ewiese@aijustice.org

Katherine Melloy Goettel (IA Bar No. 23821)*
Emma Winger (MA Bar No. 677608)*
AMERICAN IMMIGRATION COUNCIL
1331 G St. N.W., Suite 200
Washington, DC 20005
(202) 507-7552
kgoettel@immcouncil.org
ewinger@immcouncil.org

Daniel B. Tilley (FL Bar No. 102882)
Amien Kacou (FL Bar No. 44302)
Amy Godshall (FL Bar No. 1049803)
ACLU Foundation of Florida, Inc.
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2700
dtilley@aclufl.org
akacou@aclufl.org
agodshall@aclufl.org


*Attorneys for Plaintiffs*

Anne Janet Hernandez Anderson (FL Bar No. 0018092)
Paul R. Chavez (FL Bar No. 1021395)
Christina Isabel LaRocca (FL Bar No. 1025528)
Felix A. Montanez (FL Bar No. 0102763)
Cassandra Charles (NY Bar No. 5540133)*
SOUTHERN POVERTY LAW CENTER
2 South Biscayne Blvd., Suite 3750
Miami, FL 33131-1804
(786) 347-2056
aj.hernandez@splcenter.org
paul.chavez@splcenter.org
christina.larocca@splcenter.org
felix.montanez@splcenter.org
cassandra.charles@splcenter.org

Cody Wofsy (CA Bar No. 294179)*
Spencer Amdur (CA Bar No. 320069)*
ACLU Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770
cwofsy@aclu.org
samdur@aclu.org

Omar Jadwat (NY Bar No. 4118170)*
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
ojadwat@aclu.org

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify on June 17, 2024, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing, together with Plaintiffs' redacted supporting declarations and a copy of the proposed order will be timely served on all Defendants in accordance with the Federal Rules of Civil Procedure.

/s/ <u>Anne Janet Hernandez Anderson</u>

*On behalf of Attorneys for Plaintiffs*