IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| THE FARMWORKER ASSOCIATION OF FLORIDA INC., *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>RONALD D. DESANTIS, in his official capacity as Governor of the State of Florida, *et al.*,<br><br>      Defendants. | Case No. 23-CV-22655-RAR |

**PLAINTIFFS' MOTION TO RECONSIDER
THE SCOPE OF THE PRELIMINARY INJUNCTION**

Plaintiffs hereby respectfully request that the Court reconsider one discrete aspect of the scope of the preliminary injunction. Having now conferred with opposing counsel, Plaintiffs submit this motion with the understanding that the meet-and-confer requirement under Local Rule 7.1(a)(2) has been satisfied. While Defendants maintain that reconsideration should be based on different grounds than those raised by Plaintiffs, they do not oppose Plaintiffs' submission of this motion, and no further conference is required before the Court considers the arguments presented.

The Court has held that the injunction should prevent Defendants from enforcing Section 10 against any of the Plaintiffs who have standing. *All* Plaintiffs have standing for substantially similar reasons. But in its recent order, the Court appears to have only applied the injunction to the Plaintiffs whose standing the Court analyzed in its preliminary injunction order. The Court did not need to address the remaining Plaintiffs' standing under the established rule that a court only needs to find that one plaintiff has standing for an injunction to issue. But that is not a

1

reason to deny protection to the remaining Plaintiffs.  Plaintiffs therefore request that the Court clarify that the injunction protects all of the Plaintiffs.

On May 22, 2024, the Court preliminary enjoined the enforcement of Section 10 of Senate Bill 1718, Fla. Stat. § 787.07.  *See* Order Granting Prelim. Inj., Dkt. 99.  As the Court explained, "[w]here only injunction relief is sought, only one plaintiff with standing is required." *Id.* at 5-6 (quotation marks and italics omitted).  The Court then found this requirement easily satisfied, because at least three individual plaintiffs and the organizational plaintiff had standing. *Id.* at 6-17.  The Court did not address the standing of the remaining four individual plaintiffs.

After briefing on the proper scope of the injunction, the Court ruled that the injunction would not apply statewide, but would protect "the Plaintiffs who have demonstrated their standing to sue."  Order on Scope of Preliminary Injunction, Dkt. 132, at 3; *see id.* at 12 ("The injunction shall apply to all Plaintiffs with standing.") (capitalization altered); *id.* at 13 ("[I]t's axiomatic that an injunction should reach *all* plaintiffs who have shown that, absent injunctive relief, they will suffer a future (or ongoing) injury-in-fact.").  But the Court then stated that the injunction would only apply to "the three individual Plaintiffs, the FWAF, and the FWAF members." *Id.* at 15.

Plaintiffs respectfully submit that injunctive relief should not be denied to the remaining four individual Plaintiffs.  They "have demonstrated their standing," *id.*, the same as every other Plaintiff, by submitting declarations and briefing their standing as part of their motion for preliminary injunction.  Under the well-established one-plaintiff rule, the Court did not need to address their standing in order to grant the preliminary injunction.  But that of course does not mean that those Plaintiffs *lack* standing, or that they are any less entitled to injunctive relief.

2

Indeed, the remaining Plaintiffs have standing for the same kinds of reasons as the Plaintiffs who the Court has already determined have standing. *See* PI Reply, Dkt. 67, at 2-3 (explaining standing for Adrian Carrillo, Reinaldo Morales, Juana Lozano, Diana Carrillo Medrano).[1] The first three have plans to drive people who arguably have not been inspected into Florida—"an almost-identical injury in fact" as the other Plaintiffs. Dkt. 99 at 8. Ms. Carrillo Medrano cannot be driven into Florida unless she finds a driver willing to risk arrest, detention, and criminal penalties under Section 10—an obvious impediment to her freedom of movement. Dkt. 67 at 3-4. And Florida's narrowing arguments fail as to these Plaintiffs for the same reason they failed as to the others. Dkt. 99 at 9-15 (rejecting this defense). While a Court has no obligation to analyze each plaintiff's standing separately, the Court should not deny relief based solely on the *absence* on an individual standing determination.

In sum, the Court should modify its order to provide that the injunction protects all Plaintiffs.

## CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), Counsel for Plaintiffs conferred with opposing counsel - David Costello, Jeffrey DeSousa, Jenna Hodges, and Robert Schenck - on March 27, 2025. Plaintiffs' counsel has ascertained that Defendants' position is as follows: "Defendants maintain that the Court should reconsider and deny the preliminary injunction for all Plaintiffs for the reasons in Defendants' motion for reconsideration, DE106, and that the Plaintiffs seeking reconsideration lack standing for the reasons set out in the Defendants' response to the preliminary injunction motion, DE50. To the extent the Court disagrees with those arguments,

---

[1] The briefs also address standing for G.D.L. and M.G., but they have since withdrawn their claims.

the Defendants have no objections to the Plaintiffs' motion—because the Court must individually assess standing before granting individualized injunctive relief, as the Court itself noted. DE132 at 12–13." Therefore, the required certification has been made.

Dated: March 28, 2025

Respectfully submitted,

/s/ Christina LaRocca
*On behalf of Attorneys for Plaintiffs*

Christina Isabel LaRocca (FL Bar No. 1025528)
Evelyn Wiese (CA Bar No. 338419)*
Anne Janet Hernandez Anderson (FL Bar No. 0018092)
Paul R. Chavez (FL Bar No. 1021395)
AMERICANS FOR IMMIGRANT JUSTICE
6355 NW 36 Street, Suite 2201
Miami, FL 33166
(305) 573-1106
ewiese@aijustice.org
pchavez@aijustice.org
clarocca@aijustice.org
ajhernandez@aijustice.org

Emma Winger (MA Bar No. 677608)*
Michelle Lapointe (GA Bar No. 007080)
AMERICAN IMMIGRATION COUNCIL
1331 G St. N.W., Suite 200
Washington, DC 20005
(202) 507-7552
ewinger@immcouncil.org
Mlapointe@immcouncil.org

Felix A. Montanez (FL Bar No. 0102763)
Preferential Option Law Offices, LLC
P.O. Box 60208
Savannah, GA 31420
(912) 604-5801
felix.montanez@preferentialoption.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice*

Daniel B. Tilley (FL Bar No. 102882)
Amien Kacou (FL Bar No. 44302)
Amy Godshall (FL Bar No. 1049803)
ACLU Foundation of Florida, Inc.
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2700
dtilley@aclufl.org
akacou@aclufl.org
agodshall@aclufl.org

Cody Wofsy (CA Bar No. 294179)*
Spencer Amdur (CA Bar No. 320069)*
ACLU Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770
cwofsy@aclu.org
samdur@aclu.org

Omar Jadwat (NY Bar No. 4118170)*
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
ojadwat@aclu.org
irp_es@aclu.org

**CERTIFICATE OF SERVICE**

I hereby certify on March 28, 2025, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing, together with Plaintiffs' redacted supporting declarations and a copy of the proposed order will be timely served on all Defendants in accordance with the Federal Rules of Civil Procedure.

/s/ Christina LaRocca
*On behalf of Attorneys for Plaintiffs*

Christina LaRocca
Fla. Bar. 1025528
Americans for Immigrant Justice
2200 NW 72nd Ave.
P.O. Box No. 520037
Miami, FL 33152
E-mail: clarocca@aijustice.org
Tel.: 305-573-1106